### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-----------

| | |
|---|---|
| **PATSY FOX, SUZETTE BENNETT,** and **AMANDA RAYMOND**, individuals, | Case No.: 25 - <br> Hon. <br> Mag. |
| Plaintiffs, | |
| v. | |
| **THE UNITED STATES OF AMERICA,** | |
| Defendant. | |

---

Amanda B. Warner P74128
David E. Gorney P81201
**Goodman Acker, P.C.**
Attorneys for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000; fax (248) 483-3131
awarner@goodmanacker.com
dgorney@goodmanacker.com

---

## COMPLAINT

NOW COME Plaintiffs, PATSY FOX, SUZETTE BENNETT, and AMANDA RAYMOND, by and through counsel, GOODMAN ACKER, P.C., and for this Complaint against Defendant states as follows:

### PARTIES

1.      Plaintiff, PATSY FOX, is a resident of the City of Mayville, County of Tuscola, State of Michigan.

2.      Plaintiff, SUZETTE BENNETT, is a resident of the City of Mayville, County of Tuscola, State of Michigan.

1

3.      Plaintiff, AMANDA RAYMOND, is a resident of the City of Caro, County of Tuscola, State of Michigan.

4.      Defendant, THE UNITED STATES OF AMERICA, operates an independent agency of the Executive Branch known as The United States Postal Service (hereinafter referred to as USPS), and is a federal governmental entity amenable to suit in this action pursuant to the Federal Tort Claims Act ("FTCA") 28 USC §§ 1346(b), 2401(b) and 2671-80.

## JURISDICTION AND VENUE

5.      The incident and injury took place in Rich Township, County of Lapeer, State of Michigan.

6.      This Honorable Court has jurisdiction over this action against Defendant, United States of America, pursuant to 28 USC §§ 1346(b) and 1402(b).

7.      Venue is appropriate in the Eastern District of Michigan, pursuant to 28 USC §1391(b), as the place wherein a substantial part of the events or omissions giving rise to the claim occurred.

8.      Plaintiffs have exhausted their administrative remedies as required by 28 USC § 2675, in that the claim was instituted on August 19, 2024 with the USPS by filing a Standard Form 95, with supporting documentation, the claim has not been denied, and six months have passed since the filing.

9.      Governmental immunity is not applicable in this case pursuant to the Federal Tort Claims Act and all other applicable Federal Statutes.

10.     Plaintiffs' damages are in excess of $75,000, exclusive of attorney fees, interest, and costs.

2

## COUNT 1

**11.**     On or about September 1, 2022, Defendant through the United States Postal Service employed non-party Matthew Louis Smith as a postal carrier.

**12.**     On or about September 1, 2022, Plaintiff, Suzette Bennett, was operating a motor vehicle northbound on North Lapeer Road near Squaw Creek Road in the Township of Rich, County of Lapeer, State of Michigan.

**13.**     At all relevant times herein, Plaintiffs, Patsy Fox and Amanda Raymond, were passengers in the vehicle being operated by Plaintiff, Suzette Bennett.

**14.**     At the same date and time, Defendant's agent, Matthew Louis Smith, was operating a 2020 Mercedes Benz mail van owned by Defendant on the shoulder of North Lapeer Road near Squaw Creek Road in the Township of Rich, County of Lapeer, State of Michigan.

**15.**     At all relevant times herein, Defendant's agent, Matthew Louis Smith, negligently, carelessly, and recklessly turned left from the shoulder of North Lapeer Road, directly in the path of the vehicle carrying Plaintiffs, causing serious injuries to each Plaintiff.

**16.**     At all relevant times herein, Defendant's agent owed Plaintiffs and all others the duty of due care and compliance with the statutes of the State of Michigan and the ordinances of the Township of Rich and violated those duties as outlined below:

    **a.**   in violation of Defendant's agent's duty to maintain proper lane position and not to change lanes unless being able to do so safely, Defendant's agent improperly changed lanes;

    **b.**   in violation of Defendant's agent's duty to yield to traffic that held the right-of-way, Defendant's agent failed to yield to traffic that held the right-of-way and pulled out in front of Plaintiffs' vehicle;

    **c.**   in violation of Defendant's agent's duty to maintain an adequate and sharp lookout, Defendant's agent did not pay heed or proper attention to the road and did not maintain a sharp and adequate lookout;

d.   in violation of Defendant's agent's duty to travel at the proper and lawful rate of speed, the Defendant's agent traveled at an improper, unlawful and excessive rate of speed, which was a speed greater than would permit said individual to control his vehicle;

e.   in violation of Defendant's agent's duty, Defendant's agent operated the vehicle with his vision obscured;

f.   in violation of Defendant's agent's duty to sound the horn under the circumstances when the necessity of so doing was or should have become, in the exercise of ordinary caution, apparent to Defendant's agent, Defendant's agent did not do so;

g.   in violation of Defendant's duty to maintain said vehicle with adequate and sufficient brakes, the Defendant did not do so and said vehicle was operated without adequate or sufficient brakes or Defendant's agent failed to timely use said brakes with which said vehicle was equipped;

h.   in violation of Defendant's duty to maintain said vehicle with adequate and sufficient lights, the Defendant did not do so and said vehicle was operated without adequate or sufficient lights or Defendant's agent failed to timely use said lights with which said vehicle was equipped;

i.   in violation of Defendant's agent's duty, said vehicle was operated in opposition to the Michigan Motor Vehicle Act;

j.   Defendant's agent drove in the State of Michigan without due regard for the traffic, surface and width, atmospheric and other conditions then and there existing;

k.   Defendant's agent drove said motor vehicle in a careless, reckless and gross negligent manner which resulted in a collision with Plaintiffs; and

l.   any other acts of negligence as may become known to Plaintiffs before trial.

17.   The negligence of Defendant's agent, Matthew Louis Smith, was the proximate cause of the collision with the vehicle carrying Plaintiffs and the resulting injuries to Plaintiffs as outlined below.

18.   Defendant is vicariously liable under the doctrine of *respondeat superior* for all acts of its employees and/or agents committed within the course or scope of employment with Defendant.

4

19.     Plaintiff, Suzette Bennett, did not cause or contribute to the cause of the collision in any way and, therefore, was not comparatively negligent.

20.     Plaintiff, Patsy Fox, did not cause or contribute to the cause of the collision in any way and, therefore, was not comparatively negligent.

21.     Plaintiff, Amanda Raymond, did not cause or contribute to the cause of the collision in any way and, therefore, was not comparatively negligent.

## DAMAGES

22.     As a direct and proximate result of the negligence of Defendant and its agents, Plaintiff, Patsy Fox, sustained serious, permanent, and progressive bodily injuries and permanent serious disfigurement, including but not limited to:

   a.   Multiple left arm and hand fractures, requiring multiple surgeries

   b.   Multiple left leg fractures, requiring multiple surgeries

   c.   Multiple internal injuries and bleeding

   d.   Lumbar spinal injuries

   e.   Multiple lacerations and skin degloving injuries

   f.   Permanent scarring and disfigurement

   g.   Shock, fright, and great mental anguish

   h.   Pain and suffering

   i.   Emotional distress, humiliation, and mortification

   j.   Denial of social pleasures

   k.   Disability and physical limitations, including permanent confinement in a rehabilitation and/or nursing facility

   l.   Serious impairment of body function and permanent serious disfigurement pursuant

5

to MCL 500.3135

**m.** Any other condition which may not have manifested at this time, but which may become known to Plaintiffs before Trial.

23.     As a direct and proximate result of the negligence of Defendant and its agents, Plaintiff, Suzette Bennett, sustained serious, permanent, and progressive bodily injuries, including but not limited to:

**a.** Cervical spine and occipital injuries, headaches, and dizziness

**b.** Lumbar spine injuries

**c.** Bilateral shoulder injuries

**d.** Bilateral hip injuries

**e.** Bilateral knee injuries

**f.** Multiple internal injuries and bleeding

**g.** Nerve damage

**h.** Shock, fright, and great mental anguish

**i.** Pain and suffering

**j.** Emotional distress, humiliation, and mortification

**k.** Denial of social pleasures

**l.** Disability and physical limitations, including inability to participate in gainful employment now and into the unknown future, resulting in excess wage loss

**m.** Serious impairment of body function pursuant to MCL 500.3135

**n.** Any other condition which may not have manifested at this time, but which may become known to Plaintiffs before Trial.

24.     As a direct and proximate result of the negligence of Defendant and its agents, Plaintiff, Amanda Raymond, sustained serious, permanent, and progressive bodily injuries,

6

including but not limited to:

    **a.**  Lumbar spine injuries

    **b.**  Right shoulder injuries

    **c.**  Left hip injuries

    **d.**  Shock, fright, and great mental anguish

    **e.**  Pain and suffering

    **f.**  Emotional distress, humiliation, and mortification

    **g.**  Denial of social pleasures

    **h.**  Disability and physical limitations

    **i.**  Serious impairment of body function pursuant to MCL 500.3135

    **j.**  Any other condition which may not have manifested at this time, but which may become known to Plaintiffs before Trial.

**25.**    As a further direct and proximate result of the acts of negligence and/or omissions of Defendant's agent, Plaintiffs are and will be unable to participate in those activities which a normal, healthy individual in the same or similar circumstances could have participated, but for the injuries sustained in the collision described herein.

**26.**    In the event Plaintiffs were suffering from any pre-existing medical or emotional conditions, Plaintiffs allege that these conditions were aggravated, exacerbated, and/or accelerated as a proximate result of the aforementioned collision and the negligence described herein.

**WHEREFORE**, Plaintiffs, PATSY FOX, SUZETTE BENNETT, and AMANDA RAYMOND, respectfully request an order for judgment against Defendant consistent with Plaintiffs' Standard Form 95 filing and as deemed just and fair, together with all applicable interest, costs, and attorney fees.

Respectfully submitted,

**GOODMAN ACKER, P.C.**

/s/ Amanda B. Warner
AMANDA B. WARNER P74128
DAVID E. GORNEY P81201
Attorneys for Plaintiffs

Dated: February 27, 2025